IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **Criminal No. B: 12-73-1** |
| | § | |
| **LEONEL GARCIA-MORALES.** | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Magistrate Judge is a "Motion to Compel the United States to File a Rule 35(b) Motion to Reduce Sentence." Dkt. No. 31. However, given the language of the plea agreement, there is no basis for the Court's review of the Government's decision to not file the motion. Accordingly, it is recommended that the motion be **DENIED**.

### I. Factual and Procedural Background

#### A. Indictment

On January 31, 2012, a federal grand jury indicted Leonel Garcia-Morales for illegally re-entering the United States – following deportation or removal – in violation of 8 U.S.C. § 1326(a) and 1326(b). Dkt. No. 6.

#### B. Conviction

On February 17, 2012, Garcia-Morales was re-arraigned and, pursuant to a plea agreement, plead guilty to illegal re-entry. Dkt. No. 15. Under the terms of the plea agreement, the Government agreed to recommend that Garcia-Morales be given full credit for acceptance of responsibility; that he be sentenced at the low end of the Guideline level he scored; and, that he receive a "two point credit under 5K3.1 for early plea, unless . . . [he had] a prior conviction under 8 U.S.C. 1326." Id.

The plea agreement further addressed the possibility that Garcia-Morales could be given a reduced sentence for assisting the government.

> The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentenc[ing] Guidelines. The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern

> District of Texas. Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statement.

Dkt. No. 15, p. 3.

On April 27, 2012, the Probation Department issued a presentencing report ("PSR") in Garcia-Morales's case. Dkt. No. 20. In the PSR, Garcia-Morales was assessed a base offense level of eight, with a 16 level enhancement for a prior aggravated felony. Dkt. No. 20, p. 4. He was afforded a three-level reduction for acceptance of responsibility, which resulted in a total offense level of 21. Id., pp. 4-5. He was assessed six criminal history points based on three prior convictions and an additional two points added because he committed the current offense while on supervised release. Id., p. 7. Based upon an offense level of 21 and a criminal history category of IV, the guideline sentencing range was 57 to 71 months. Id, p. 10.

On May 21, 2012, Garcia-Morales was sentenced to 57 months of incarceration, three years of supervised release, and a $100.00 special assessment. Dkt. No. 26.

The judgment of conviction was entered on May 23, 2012. Dkt. No. 26. Neither the district court nor the Fifth Circuit docket reflect that Garcia-Morales filed a direct appeal.

On February 26, 2013, Garcia-Morales filed a motion with the Court seeking to have the Court order the Government to file a motion to reduce sentence pursuant to Fed. R. Crim. P. 35. Dkt. No. 31. Garcia-Morales alleges that when he was arrested, he provided "full and detailed information concerning the criminal activity of Celestino Martinez Medina." Id. Garcia-Morales alleges that Martinez-Medina and Marco Antonio Lopez-Estrada were arrested based on the information that he provided.[1] Id. Garcia-Morales asserts that the plea agreement required the government to file a motion for sentencing relief if he provided "substantial assistance to the United States." Id.

---

[1] The Court notes that Martinez-Medina and Lopez-Estrada each pled guilty to the sole count of their respective indictments: illegal re-entry into the United States. U.S. v. Martinez-Medina, Crim. No. 12-72, Dkt. No. 25; U.S. v. Lopez-Estrada, Crim. No. 12-74, Dkt. No. 23.

## II. Applicable Law

### A. Fed. R. Civ. P. 35(b)

Federal Rule of Criminal Procedure 35(b) provides a mechanism by which a prisoner's sentence can be reduced, because he or she provided substantial assistance to the Government. Fed. R. Civ. P. 35(b). As relevant here, where the action would be taken more than one year after sentencing, the Court may – upon motion by the Government – reduce the sentence if the defendant's substantial assistance involved:

> (A) information not known to the defendant until one year or more after sentencing;
>
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Id.

Having said that, "[t]he government is under no obligation to file a Rule 35(b), despite whatever substantial assistance the defendant might give." U.S. v. Grant, 493 F.3d 464, 467 (5th Cir. 2007) (emphasis added) (citing Wade v. U.S., 504 U.S. 181, 185-86 (1992)). Moreover, the Court is precluded from reviewing the Government's decision not to file a Rule 35(b) motion, unless the refusal is based upon an unconstitutional motive or the Government bargained away its discretion in the plea agreement. Grant, 493 F.3d at 467 (citing U.S. v. Price, 95 F.3d 364, 367-68 (5th Cir.1996)).

## III. Analysis

There is no basis for the Court's review of the Government's decision to not file a Rule 35 motion. Garcia-Morales has not alleged an unconstitutional motive by the Government, nor has he shown that the Government bargained away its discretion.

**A. Rule 35(b)**

As previously noted, the Government is not obligated to file a Rule 35(b) motion, even if the defendant provides the Government with useful information. Grant, 493 F.3d at 467.  Furthermore, judicial review of the Government's decision is not permitted unless the Government's refusal is based upon an unconstitutional motive or the Government bargained away its discretion in the plea agreement. Id. (citing Price, 95 F.3d at 367-68).

Garcia-Morales has not alleged that the Government has a constitutionally impermissible motive in failing to file a Rule 35(b) motion.  Instead, he appears to claim that the Government made an agreement with him and now should be held to that agreement. In other words, Garcia-Morales alleges that the he and the Government entered into a contract and that the Government has violated the terms of that contract.

The shortcoming in Garcia-Morales's assertion is that the only evidence of a contract is the plea agreement.  Courts are guided by general principles of contract law in interpreting plea agreements. U.S. v. Story, 439 F.3d 226, 231 (5th Cir. 2006).  "Courts interpreting unambiguous contracts are confined to the four corners of the document, and cannot look to extrinsic evidence to create an ambiguity." Texas v. Am. Tobacco Co., 463 F.3d 399, 407 (5th Cir. 2006).

The Fifth Circuit has held that when a plea agreement indicates that the Government "will file" a motion for a reduction in sentence for substantial assistance or uses similar language, the Government has affirmatively bargained away its discretion. Price, 95 F.3d at 367-68; U.S. v. Laday, 56 F.3d 24, 26 & n. 1 (5th Cir.1995); U.S. v. Melton, 930 F.2d 1096, 1097-98 (5th Cir.1991).  The determinative issue, as to whether the Government has bargained away its discretion, "turns upon the specific language of the plea agreement at issue." Price, 95 F.3d at 368.

In this case, the plea agreement plainly states that any motions for sentence reduction based on substantial assistance would be made at "the sole judgment and discretion" of the United States Attorney's Office. Dkt. No. 15.  The plea agreement further states that "[t]he defendant understands and agrees that whether such a motion is filed will be determined

4

solely by the United States through the United States Attorney for the Southern District of Texas." Id. The plea agreement clearly contemplated that the United States would have discretion as to whether Garcia-Morales provided such substantial assistance as to warrant sentencing relief.

Accordingly, there is no basis upon which to order the Government to file a Rule 35(b) motion.

## IV. Recommendation

### A. Denial of Motion

**WHEREFORE** it is **RECOMMENDED** that Leonel Garcia-Morales's motions to force the Government to file a Rule 35(b) motion be **DENIED**. Dkt. No. 31.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, on July 11, 2013.

_____
Ronald G. Morgan
United States Magistrate Judge